UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARTHUR SAMODOVITZ,

                        Plaintiff,

            -v-                          1:24-CV-1508

HON. SHIRLEY TROUTMAN, HON.
MADELINE SINGAS, HON. JENNY
RIVERA, HON. ROWAN D. WILSON,
HON. MICHAEL J. GARCIA,
HON. ANTHONY CANNATARO,
HON. CAITLIN J. HALLIGAN,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

ARTHUR SAMODOVITZ
Plaintiff, *pro se*
155 Lasa Commons Circle, Apt. # 211
St. Augustine, Florida 32084

HON. LETITIA A. JAMES            MATTHEW GALLAGHER, ESQ.
Attorney General for the         Ass't Attorney General
    State of New York
The Capitol
Albany, New York 12224-0341

DAVID N. HURD
United States District Judge

<u>**DECISION and ORDER**</u>

## I. <u>INTRODUCTION</u>

On December 11, 2024, plaintiff Arthur Samodovitz ("plaintiff"), acting *pro se*, filed a two-count complaint, pursuant to 42 U.S.C. § 1983 ("§ 1983"), against the seven judges of the New York State Court of Appeals: the Honorable Rowan D. Wilson, Jenny Rivera, Michael J. Garcia, Madeline Singas, Anthony Cannataro, Shirley Troutman, and Caitlin Halligan (collectively the "defendants"), alleging denial of his Due Process rights under the Fifth Amendment of the U.S. Constitution and denial of both his Due Process and Equal Protection rights in violation of the Fourteenth Amendment when, on April 23, 2024, they denied plaintiff's motion for leave to appeal unfavorable decisions previously rendered by both the New York Supreme Court and Appellate Division. Dkt. Nos. 1, 9. Plaintiff seeks injunctive relief from this Court. Dkt. Nos. 1, 9. Specifically, plaintiff requests that this Court order defendants to instead grant his motion for leave to appeal the lower state court decisions. *Id.*

Defendants now move to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6), arguing that: (1) the Court lacks the requisite subject matter jurisdiction to adjudicate this matter

both because the suit is barred by the doctrine of sovereign immunity under the Eleventh Amendment; (2) the Court also lacks subject matter jurisdiction because, under the *Rooker-Feldman* doctrine, defendants properly rendered a judgment regarding his appeal in state court before he filed this action; (3) plaintiff's claim should be dismissed because, even if defendants were not immune from suit, he still fails to state a plausible claim as to why the Court should grant the injunctive relief he seeks; and (4) plaintiff's motion should be dismissed for failure to state a claim because defendants each possess judicial immunity from this lawsuit.  Def's Mem, Dkt. No. 7-1.

Plaintiff opposes the motion, arguing that: (1) the *Rooker-Feldman* doctrine does not apply to this action because plaintiff is not appealing a judgment entered by defendants; and (2) he has a constitutional right to appeal the decisions of the lower state courts.  Dkt. No. 10.

On February 7, 2025, the same day plaintiff filed his opposition, he also filed an amended complaint, Dkt. No. 9, which he was permitted to do freely once as of right.  FED. R. CIV. P. 15(a)(1)(B).  For the reasons stated *infra*, both of plaintiff's filings, Dkt. Nos. 1, 9, will be considered in light of defendants' motion.

The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.  Dkt. Nos. 1, 7-1, 9, 10, 14.

For the following reasons, defendants' motion will be GRANTED.

## II.  BACKGROUND[1]

In 2013, plaintiff was sued in Binghamton City Court by United Health Services Hospital ("UHSH") for failing to pay bills stemming from a surgical procedure he underwent in 2011.  Am. Compl, Dkt. No. 9 at 4.[2]  In 2018, plaintiff alleges that UHSH filed a motion for summary judgment in pursuit of these outstanding amounts in Binghamton City Court, which was ultimately granted.  *Id*. at 5–6.  Thereafter, plaintiff appealed the Binghamton City Court's decision in the Broome County Court, but his appeal was ultimately dismissed for plaintiff's failure to make proper service. *Id*. at 6–8.

On September 11, 2020, plaintiff filed a complaint, described as Complaint #CA202001841, against UHSH and its attorneys in the Supreme Court in Broome County.  Dkt. No. 9 at 9.  The complaint argued both that UHSH

---

[1]  For reasons explained in greater detail below, the following allegations are taken from plaintiff's amended complaint, Dkt. No. 9, and assumed to be true for purposes of resolving the pending motion to dismiss.

[2]  Pagination corresponds to CM/ECF headers.

engaged in a practice of improper billing and that its attorneys filed a false affidavit. *Id.* Shortly thereafter, on October 23, 2023, plaintiff filed another complaint, #CA202002179, in the Supreme Court in Broome County against UHSH's attorneys, alleging that they knowingly signed and filed a false affidavit with the Binghamton City Court. *Id.* In response, UHSH and its attorneys filed motions to dismiss both complaints and sought sanctions against plaintiff. *Id.* at 9–10. On April 29, 2021, the two motions to dismiss were granted by the Broome County Supreme Court for plaintiff's failure to state a claim. *Id.* at 10. Further, the court found plaintiff had engaged in frivolous conduct and granted the motions for sanctions against him, as well as awarding costs and attorney's fees to UHSH's counsel. *Id.* at 11–12.

At some point thereafter, plaintiff appealed the Supreme Court's dismissal and sanctions award to the New York State Supreme Court, Appellate Division, Third Judicial Department. Dkt. No. 9 at 13. The appeal was subsequently transferred from the Third Judicial Department to the Fourth Judicial Department ("Fourth Department") and designated as #CA23-00203. *Id.* at 14. On July 28, 2023, the Fourth Department affirmed the Supreme

Court's dismissal of plaintiff's actions and its granting of sanctions.[3]  *Id.* at 3.

On October 5, 2023, plaintiff moved for leave to appeal the decision of the

Fourth Department to the New York's Court of Appeals.  *Id.*  On April 23,

2024, the Court of Appeals denied plaintiff's motion for leave.  *Id.*  On May

16, 2024, plaintiff filed a motion for re-argument with the Court of Appeals,

which was denied on September 19, 2024.  *Id.* at 4.  Broadly stated, plaintiff

takes issue with the Fourth Department's dismissal of his appeal, arguing

that their conclusory dismissal of his appeal, "without any explanation as to

the merits," improperly weighed evidence and intentionally treated him

differently from others who are otherwise similarly situated in violation of his

constitutional rights.  *Id.* at 14–15.  Further, as the Fourth Department

modified the Supreme Court's judgment against plaintiff as to attorney's fees,

plaintiff argues that their modification of the judgment against him entitles

him to have his appeal as of right before the Court of Appeals pursuant to the

New York Constitution.  *Id.* at 20–21.

    In sum, plaintiff argues he has a constitutional right to heard by the New

York Court of Appeals pursuant to both the New York Civil Practices and

---

[3]  Plaintiff does allege, however, that the Fourth Department did modify the Supreme Court's judgment as to attorney fees. *See, e.g.*, Dkt. No. 9 at 14.

Rules ("CPLR") and the New York Constitution and that the denial of his motion for leave violates his equal protection and due process rights under the New York and United States Constitutions.  Dkt. No. 9 at 16, 21. Plaintiff now seeks injunctive relief from this court, specifically the issuance of an order directing defendants to grant plaintiff's motion and hear his appeal.  *Id*. at 1.

## III.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 297–98 (N.D.N.Y. 2019) (cleaned up). Rule 12(b)(1) motions may be either facial or fact-based.  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).

Facial Rule 12(b)(1) motions are "based solely on the allegations of the complaint ... and exhibits attached to it[.]"  *Id*.  To resolve a facial motion, the district court must "determine whether the pleading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id*. (cleaned up). In doing so, the district court "must accept the complaint's

- 7 -

allegations as true and draw all reasonable inferences in favor of the plaintiff." *Wagner v. Hyra*, 518 F. Supp. 3d 613, 623 (N.D.N.Y. 2021) (quoting *Nicholas v. Trump*, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020)).

By contrast, defendants making a fact-based Rule 12(b)(1) motion submit extrinsic evidence. *Carter*, 822 F.3d at 57. If the defendants' extrinsic evidence reveals a dispute of fact whether jurisdiction is proper, plaintiff must proffer evidence to controvert the defendants' evidence. *Id.* To resolve a fact-based motion, the district court must then make findings of fact to determine whether plaintiff has standing to sue. *Id.*

**B**. **Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable

inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

**C.  Pro Se Pleadings**

The basic pleading requirements set forth above apply to *pro se* plaintiffs as well as those who are represented by counsel.  Nevertheless, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Put differently, "[w]here, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

However, "all normal rules of pleading are not absolutely suspended" when a plaintiff is proceeding *pro se. Jackson v. Onondaga Cnty.*, 549 F.

Supp. 2d 204, 214 (N.D.N.Y. 2008) (McAvoy, J.) (internal quotation marks and footnote omitted).  Even a *pro se* plaintiff must plead sufficient factual allegations to suggest an entitlement to relief.  *See id*.  In sum, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citations omitted).

## IV.  <u>DISCUSSION</u>[4]

Plaintiff's two-count complaint alleges the defendants' violations his constitutional rights under the Due Process Clause of the Fifth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  Dkt. No. 9 at 2.  Plaintiff has sued each member of the New York Court of Appeals, in their official capacities, seeking injunctive relief. *See* Dkt. Nos. 1, 9.

Finally, as set forth *supra*, because plaintiff is proceeding *pro se*, his complaint must be held to less stringent standards than a formal pleading drafted by a lawyer.  *Ahlers*, 684 F.3d at 60.

---

[4] Plaintiff's complaint states that defendants' denial of his motion also violated his New York Constitutional rights.  *See, e.g.,* Dkt. No. 9 at 16, 21.  That claim, insofar as plaintiff intended to bring it, will be addressed in the Conclusion.

### A. **Plaintiff's Amended Complaint**

As an initial custodial matter and as set forth *supra*, in response to defendants' motion to dismiss, plaintiff filed both an opposition and an amended complaint.  Dkt. Nos. 9–10.

Where, as here, "a plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" *Hamzik v. Office for People with Dev. Disabilities*, 859 F. Supp. 2d 265, 273–74 (N.D.N.Y. 2012) (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)).

In the interest of judicial efficiency, the merits of defendants' pending motion, Dkt. No. 7, will be considered in light of the allegations in plaintiff's amended complaint and supporting exhibits.  *See, e.g., Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2d Cir. 1998) ("[C]ourts may look to submissions beyond the complaint to determine what claims are presented by an uncounseled party.").

**B. <u>Eleventh Amendment Immunity</u>**

As an initial matter, defendants argue that the Court lacks subject matter jurisdiction over plaintiff's § 1983 claims because the Eleventh Amendment bars claims against state officials under the doctrine of sovereign immnity. Defs' Mem, Dkt. No. 14 at 5.  Plaintiff did not address this issue in his briefing.  *See* Dkt. Nos. 9–10.

The Eleventh Amendment of the U.S. Constitution sets forth that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  "The Supreme Court has long held that the Eleventh Amendment bars suits against a state by one of its own citizens, unless (1) the state consents to be sued, or (2) Congress validly abrogates the state's immunity."  *Long Island Pure Water Ltd. v. Cuomo*, 375 F. Supp. 3d 209, 215 (E.D.N.Y. 2019) (quoting *Ross v. City Univ. of N.Y.*, 211 F. Supp. 3d 518, 525 (E.D.N.Y. 2016)).

This immunity exists to both a state's constituent agencies and state officials working on the states' behalf, *i.e.*, individuals sued in their official capacities.  *See, e.g., Jurist v. Long Island Power Auth.*, 538 F. Supp. 3d 254,

270 (E.D.N.Y. 2021). And "[i]mportantly for present purposes, the State of New York has not waived its sovereign immunity from § 1983 claims in federal court. *Forjone*, 414 F. Supp. 3d at 300 (citation omitted). "Nor has Congress validly abrogated New York's sovereign immunity from these claims." *Id.*

Further "the purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Importantly, however, "[§] 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Accordingly, in order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

There is no question defendants here can be considered state actors under § 1983. *See, e.g.*, *Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that

authority, his action his state action.").  Thus, defendants are immune from

suit under the doctrine of sovereign immunity.

## C. __Absolute Judicial Immunity__

Defendants separately argue that, as judges, they enjoy absolute

immunity from suit.  *See, e.g.*, Dkt. No. 7-1 at 10–12.  Plaintiff did not

address this argument, and the time do so has passed.  *See* Dkt. Nos. 9–10.

"It is well settled that judges generally have absolute judicial immunity

from suits for money damages for their judicial actions."  *Bliven v. Hunt*, 579

F.3d 204, 209 (2d Cir. 2009) (cleaned up).  This immunity doctrine applies

"even when the judge is accused of acting maliciously and corruptly," *Imbler*

*v. Pachtman*, 424 U.S. 409, 419 n.12 (1976), or where "the act he took was in

error . . . or was in excess of his authority." *Mireles v. Waco*, 502 U.S. 9, 12–13

(1991 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

Further, the Federal Courts Improvement Act of 1996 revised § 1983 to set

forth that "in any action brought against a judicial officer for an act or

omission taken in such officer's judicial capacity, injunctive relief *shall not* be

granted unless a declaratory decree was violated or declaratory relief was

unavailable." (emphasis added).

Thus, "the doctrine of absolute judicial immunity now extends to cover suits against judges where the plaintiff seeks not only monetary relief, but injunctive relief as well, unless preceded by a declaration, or by a showing that such declaratory relief is unavailable." *MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009).

Measured against this standard, plaintiff's § 1983 claims against each defendant must also be dismissed on the basis of absolute judicial immunity. Even if the Court were to assume that defendants' conduct in this matter was wrongful, plaintiff's allegations simply do not overcome judicial immunity. Although judicial immunity does not offer a shield from liability for "nonjudicial actions," *Mireles*, 502 U.S. at 11, or for a judge who "acts in the clear absence of all jurisdiction," *Tucker v. Outwater*, 118 F.3d 930, 936 (2d Cir. 1997)., plaintiff here has only alleged acts taken by defendants within their jurisdictional competence in their capacity as State judicial officers. Accordingly, plaintiff's § 1983 claims must be dismissed against each defendant. *Cf. Cinotti v. Adelman*, 709 F. App'x 39, 41 (2d Cir. 2017) (summary order) ("[E]ven if the judge's actions were, as the plaintiff asserts, incorrect or improper, the plaintiff is barred by established law from bringing

a lawsuit against the judge to correct or obtain compensation for that error.").[5]

### D. **Leave to Amend**

The last remaining issue in this matter is whether plaintiff should be given leave to amend his pleading, which he already done once as of right. Dkt. No. 9. "Generally leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matina v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (cleaned up).

However, "it is well established that leave to amend a complaint need not granted where amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). Having reviewed this matter in detail, plaintiff will not be granted further leave to amend because all defendants possess absolute judicial immunity with respect to his claims.

---

[5] Defendants contend that plaintiff's claim for equitable relief are also barred by the *Rooker-Feldman* doctrine. Defs' Mem., Dkt. No. 7-1 at 5–7. In defendants' view, in addition to plaintiff's complaint failing on sovereign immunity and judicial immunity grounds, he also cannot bring a § 1983 claim in federal court to challenge the outcome of prior state court cases. Where, as in this case, a "federal suit follows a state suite, the former may, under certain circumstances, be prohibited by what has become known as the *Rooker-Feldman* doctrine." *Sung Cho v. City of N.Y.*, 910 F.3d 639, 644 (2d Cir. 2018); *see also Morrison v. City of N.Y.*, 591 F.3d 109, 112 (2d Cir. 2010) ("The *Rooker-Feldman* provides that, in most circumstances, the lower federal court do not have subject matter jurisdiction to review final judgments of state courts.") However, as defendants are immune from suit for the reasons stated *supra*, the Court need not address this argument and will not do so here. Thus, the sole remaining issue to address is whether plaintiff should be granted leave to amend his complaint. *Infra*.

## V.  <u>CONCLUSION</u>

Plaintiff's submissions fail to state any plausible claims for relief.  While district courts in this Circuit disfavor dismissing a *pro se* plaintiff's action without first providing leave to replead, the Second Circuit has nevertheless set forth that doing so is appropriate "[w]here it appears that granting leave to amend is unlikely to be productive."  *Ruffolo v. Oppenheimer & Co.*, 987

Denying leave to replead is proper here.  Plaintiff's amended complaint fails to either cure or otherwise address the defects set forth in defendants' motion to dismiss.  Further, insofar as plaintiff's pleadings might be construed to assert a claim based upon state law, supplemental jurisdiction over that claim is denied.  *See* 28 U.S.C. § 1367(c)(3).

Therefore, it is

ORDERED that

1.  Defendants' Motion to Dismiss (Dkt. No. 7) is GRANTED;

2.  Plaintiff's complaint (Dkt. No. 1) and amended complaint (Dkt. No. 9) are each DISMISSED WITHOUT LEAVE TO AMEND.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and terminate the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  August 21, 2025
        Utica, New York.